**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Lynden Garfield Lorfils

    v.                           Case No. 19-cv-748-PB

Robert Hazlewood, Warden, FCI-Berlin

**REPORT AND RECOMMENDATION**

Lynden Garfield Lorfils, an inmate at the Federal
Correctional Institution in Berlin, New Hampshire ("FCI-
Berlin"), has petitioned for a writ of habeas corpus (Doc. No.
1) pursuant to 28 U.S.C. § 2241.  The matter is before this
court for preliminary review to determine whether the petition
is facially valid and may proceed.  See 28 U.S.C. § 2243; LR
4.3(d)(4)(A); Rule 4 of the Rules Governing Section 2254 Cases
("§ 2254 Rules"); see also § 2254 Rule 1(b) (§ 2254 Rules may
apply to § 2241 petitions).

**Background**

Mr. Lorfils's pertinent case history, culminating in a
judgment of conviction and a sentence imposed in 2002, is
summarized in an unpublished November 2019 decision of the
Eleventh Circuit Court of Appeals:

> A grand jury charged [petitioner] by superseding
> indictment with two counts of armed bank robbery, in
> violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Counts

> 2 and 4); and two counts of use and possession of a
> firearm in furtherance of a crime of violence, in
> violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 3
> and 5).  The armed bank robbery charges alleged that
> [petitioner] had taken "by force, violence, and
> intimidation" certain amounts of money from bank
> employees, and in doing so, had endangered the lives
> of others through his use of a firearm.  [T]he
> indictment stated that the § 924(c) charges in Counts
> 3 and 5 were predicated on the armed bank robbery
> charges in Counts 2 and 4, respectively.  [Petitioner]
> pled guilty to Counts 2 through 5, and the district
> court sentenced him to 37 months' imprisonment as to
> Counts 2 and 4, to be served concurrently; 84 months'
> imprisonment as to Count 3, to be served
> consecutively; and 300 months' imprisonment as to
> Count 5, to be served consecutively.

In re Lorfils, No. 19-14289-B, 2019 U.S. App. LEXIS 34187, at

*2-3 (11th Cir. Nov. 15, 2019); see also United States v.

Lorfils, No. 02-cr-60155-WPD (S.D. Fla. Dec. 9, 2002) (ECF No.

29).

The statute providing the basis for the sentence imposed on

Counts 3 and 5, namely, 18 U.S.C. § 924(c), "authorizes

heightened criminal penalties for using or carrying a firearm

'during and in relation to,' or possessing a firearm 'in

furtherance of,' any federal 'crime of violence'" or drug

trafficking crime.  United States v. Davis, 139 S. Ct. 2319,

2324 (2019) (quoting § 924(c)(1)(A)).

> Violators of § 924(c) face a mandatory minimum
> sentence of five years in prison, over and above any
> sentence they receive for the underlying crime of
> violence or drug trafficking crime.  The minimum
> sentence rises to 7 years if the defendant brandishes
> the firearm and 10 years if he discharges it. . . .

And repeat violations of § 924(c) carry a minimum sentence of 25 years.

Davis, 139 S. Ct. at 2324. At the time of Mr. Lorfils's indictment, conviction, and sentencing, "a defendant convicted of two § 924(c) violations in a single prosecution faced a 25-year minimum for the second violation." Davis, 139 S. Ct. at 2324 n.1 (citing Deal v. United States, 508 U.S. 129, 132 (1993); § 1(a)(1), 112 Stat. 3469). "In 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25-year minimum." Davis, 139 S. Ct. at 2324 n.1 (quoting First Step Act, Pub. L. 115-391, § 403(a), 132 Stat. 5221, codified at 18 U.S.C. § 924(c)(1)(C)(i)).

Mr. Lorfils's § 2241 petition filed here (Doc. No. 1) asserts that his sentences on Counts 2, 3, and 4 were completed in 2012, and since then, he has been serving the 300-month sentence imposed on Count 5. Mr. Lorfils claims that Congress clarified through its enactment of the First Step Act that his two § 924(c) violations (Counts 3 and 5) cannot support his 25-year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(C) since both convictions arose from the same prosecution. See Pet. (Doc. No. 1), at 3. He "seeks immediate release because," he claims, "he is wrongfully imprisoned for an act the law has never made criminal." Pet. (Doc. No. 1), at 1.

## Discussion

Pursuant to 28 U.S.C. § 2255, the trial court generally has exclusive jurisdiction over a petitioner's post-conviction motions challenging the validity of his conviction or sentence. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate is in prison to consider a § 2241 petition challenging the validity of his incarceration.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  The savings clause provides, in pertinent part, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  Mr. Lorfils, an FCI-Berlin inmate, seeks to invoke this court's savings clause jurisdiction under § 2255(e).

While the First Circuit has not provided examples of all circumstances in which savings clause jurisdiction might arise, the court has clarified that § 2255's "adequacy and effectiveness must be judged ex ante." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008).  "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective'" for purposes

of invoking the savings clause "only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"[1] Trenkler, 536 F.3d at 99 (citation omitted).

Courts have allowed access to the savings clause in only "rare and exceptional circumstances, such as those in which strict adherence" to the statutory limits on access to relief under section 2255 "would result in a 'complete miscarriage of justice.'" Id. (citation omitted).  This court thus has savings clause jurisdiction if the configuration of § 2255 has effectively denied Mr. Lorfils any opportunity for judicial review, and manifest injustice has resulted.  Id.

In general, in "collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent." United States v. Olano, 507 U.S. 725, 736 (1993); see also Trenkler, 536 F.3d at 99 ("Most courts have required a credible allegation of actual innocence to access the savings clause.").  Actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614,

---

[1]In Sustache-Rivera v. United States, the First Circuit noted that savings clause jurisdiction has been found in cases where petitioners have asserted statutory interpretation claims previously unavailable to them, after new Supreme Court precedent has changed the law in the circuit and narrowed the scope of a criminal statute in a manner that would have rendered them not guilty of the offense of which they were convicted. 221 F.3d 8, 16 & n.14 (1st Cir. 2000) (citing cases).

623 (1998).  A petitioner "asserting innocence as a gateway
. . . must establish that, in light of new evidence, 'it is more
likely than not that no reasonable juror would have found
petitioner guilty beyond a reasonable doubt.'"  House v. Bell,
547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S.
298, 327 (1995)).

Mr. Lorfils argues that this court has savings clause
jurisdiction since he could not raise the same claim he presents
here until 2018 when Congress clarified that the Supreme Court
in Deal was mistaken in concluding that a single prosecution
could result in the two convictions needed to impose an enhanced
minimum sentence under section 924(c).  That argument, however,
is based on a mistaken premise; Congress's amendment of section
924(c)(1) changed the law, but that change did not render
invalid any judgments in cases like Mr. Lorfils's, predating the
First Step Act.

> That Congress altered the statutory language alone
> provides at least some hint the amendment changed the
> law rather than clarified what the law always
> meant. . . . [The] Act's plain language confirms . . .
> that the Act's changes do not apply retrospectively.
> Congress itself addresses the Act's applicability to
> pending cases.  See First Step Act, § 403(b).  That
> subsection states that the Act's amendment to § 924(c)
> "shall apply to any offense that was committed before
> the date of enactment of this Act, if a sentence for
> the offense has not been imposed as of such date of
> enactment."  Id.  . . . Defendants sentenced after
> December 21, 2018, may benefit from Congress's
> amendment to § 924(c), but defendants sentenced before
> that date cannot.

United States v. Richardson, 948 F.3d 733, 748 (6th Cir. 2020)
(citations omitted).

Focusing on the key question of whether there is any
manifest injustice in Mr. Lorfils's case, this court observes
that Congress did not change the substantive criminal law upon
which Mr. Lorfils's sentence was based.  It is "every bit as
criminal to possess a firearm during a crime of violence today
as it was before the First Step Act became law."  Richardson,
948 F.3d at 752.  Mr. Lorfils offers no new evidence to show
that he was in fact not in possession of a firearm during or in
relation to multiple crimes of violence.  And he does not
contend that the sentence he received exceeded the statutory
maximum.  Mr. Lorfils has thus not demonstrated the
prerequisites to this court's finding that it has savings clause
jurisdiction over his claim, and he has not shown that his claim
warrants relief on the merits.  Accordingly, the district judge
should dismiss Mr. Lorfils's section 2241 petition.

## Conclusion

For the foregoing reasons, the district judge should
dismiss Lorfils's § 2241 petition.  Any objections to this
Report and Recommendation must be filed within fourteen days of
receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The

fourteen-day period may be extended upon motion.   Failure to file objections within the specified time waives the right to appeal the district court's order.   See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 20, 2020

cc:  Lynden Garfield Lorfils, pro se